1  HEATHER D. HEARNE, SBN 254496
   hdh@kullmanlaw.com
2  **THE KULLMAN FIRM**
   10233 South Parker Rd, Suite 306
3  Parker, CO 80134
   Tel.: (720) 447-6628
4  Fax: (225) 906-4230

5  Attorney for Defendant
   CONDUENT STATE AND LOCAL SOLUTIONS, Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELL PAGE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONDUENT STATE & LOCAL SOLUTIONS, Inc., a New York corporation; RANDSTAD INHOUSE SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT CONDUENT STATE & LOCAL SOLUTION'S NOTICE OF REMOVAL**<br><br>[Declarations of Heather Hearne and Don DeLorenz filed concurrently herewith]<br><br>[Removed from Alameda County Superior Court, Case No. 23CV026135]<br><br>Class Action |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF DANELL PAGE AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Conduent State & Local Solutions, Inc. ("Defendant" or "CSLS"), pursuant to 28 U.S.C. §§ 1441(b) and 1446 and asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 23CV026135 in Alameda County Superior Court, State of California. Defendant has conferred with Defendant Randstad Inhouse Services, LLC ("Randstad"), who consents to this removal. Defendant removes this case without waiving but expressly reserving all procedural and

substantive rights and defenses, including but not limited to its right to an arbitral forum. Removal is proper on the following grounds:

**TIMELINESS OF REMOVAL**

1. Plaintiff Danell Page ("Plaintiff" or "Page") filed her Complaint on January 23, 2023. The Summons and Complaint were served on served on Defendant on February 22, 2023. Declaration of Heather D. Hearne (hereinafter "Hearne Decl."), filed concurrently herewith, ¶ 4. All state court pleadings filed in this matter, including Plaintiff's Complaint and Defendant's Answer,[1] are attached *in globo* as Ex. A to the Hearne Decl.

2. "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant's notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant was served with the Complaint.

**SUMMARY OF PLAINTIFF'S ALLEGATIONS AND
FACTS GIVING RISE TO REMOVAL UNDER CAFA**

3. Plaintiff's Complaint alleges eight causes of action against Defendant and Randstad: (1) failure to pay minimum wage pursuant to California Labor Code §§ 204, 1194, 1194.2, and 1197; (2) failure to pay overtime compensation pursuant to California Labor Code §§ 1194 and 1198; (3) failure to provide meal periods pursuant to California Labor Code §§ 226.7 and 512; (4) failure to authorize and permit rest breaks pursuant to California Labor Code § 226.7; (5) failure to indemnify necessary business expenses pursuant to California Labor Code § 2802; (6) failure to timely pay final wages pursuant to California Labor Code §§ 201, 202, and 203; (7) failure to provide accurate itemized wage statements pursuant to California Labor Code § 226; and (8) unfair business practices pursuant to California Business and Professional Code §§ 17200, *et seq. See generally* Complaint.

4. Although Defendant denies any liability in this case and believes that class treatment

---

[1] Defendant's Answer was submitted in state court on March 14, 2023, raising the defense of federal jurisdiction.

1  is completely inappropriate under the circumstances here, for purposes of the jurisdictional
2  requirements of removal only, Defendant has a good faith basis to believe that the allegations in
3  Plaintiff's Complaint put in controversy, in the aggregate, an amount that exceeds $5 million. *See*
4  28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are
5  "aggregated to determine whether the matter in controversy exceeds the sum or value of
6  $5,000,000"). Because at least one plaintiff is diverse from Defendant and a good faith reading of
7  the Complaint shows that the amount in controversy exceeds the sum of $5 million aggregated,
8  federal jurisdiction is appropriate, and this action is properly removed pursuant to 28 U.S.C.
9  § 1332(d). *See also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) ("no
10 antiremoval presumption attends cases involving [the Class Action Fairness Act (CAFA)]")
11 (*quoting Dart Cherokee Basin Operating Co., LLC v Owens*, 574 U.S. 81, 88 (2014)).

**A.  Minimal Diversity Exists.**

5.  To meet CAFA's diversity requirement, a removing defendant must show "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citations omitted).

6.  Conduent State & Local Solutions, Inc., is a corporation incorporated in the State of New York with its principal place of business in New Jersey. Complaint, ¶ 9; *see also* Declaration of Don DeLorenz (hereinafter "DeLorenz Decl.") at ¶ 4. Under CAFA, a corporation is deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). CSLS is thus a citizen of New York and New Jersey.[2] *See* 28 U.S.C. § 1441(b)(2).

7.  Plaintiff also named Randstad Inhouse Services, LLC. ("Randstad")[3] as a defendant.

---

[2] Plaintiff also named as defendants Does 1 through 10. *See* Complaint. For purposes of removal jurisdiction, "the citizenship of defendants sued under fictitious names *shall be* disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added).

[3] Plaintiff appears to have incorrectly named Randstad as "Randstad Inhouse Services, Inc." Randstad's filing with the California Secretary of State identify it as "Randstad Inhouse Services, LLC. *See* **Exhibit B** to Hearne Declaration.

*See* Complaint. Randstad is incorporated in the State of Delaware with its principal place of business in Georgia. *See* Hearne Decl. a t¶ 5. Thus, Randstad is a citizen of Delaware and Georgia for purposes of CAFA.

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (citations and quotations omitted). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016). Plaintiff's Complaint states that she is "a California resident." Complaint, ¶ 7. As such, for diversity purposes, Plaintiff is a "citizen" of California.

9. For the reasons set forth above, the minimal diversity required by CAFA is satisfied.

**B.     Plaintiff Alleges a Putative Class of More Than 100 Individuals.**

10. The putative class alleged in Plaintiff's Complaint broadly encompasses "all persons who worked for any Defendant in California as an hourly, non-exempt employee" beginning four years prior to the filing of this action. Complaint, ¶ 25.

11. After a review of company records, Defendant Conduent has confirmed that between January 23, 2019, and the present (the four years of the Class Period), it employed approximately 1,619 full-time, hourly, non-exempt employees in California. DeLorenz Decl., ¶ 7. Therefore, Plaintiff's Complaint alleges a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Amount Placed in Controversy by The Complaint Exceeds $5 Million Aggregated.**

12. Plaintiff has not alleged an amount in controversy in her Complaint. Nevertheless, courts may rely on the calculations of the removing defendant to determine whether the aggregated potential damages reach the $5,000,000.00 threshold of CAFA.

13. In *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007), the Ninth Circuit determined whether the amount in controversy was satisfied for removal purposes

1  where the plaintiff did not assert a total dollar amount in controversy. The court found that where
2  a complaint "fails to allege a sufficiently specific total amount in controversy . . . [courts] apply the
3  preponderance of the evidence burden of proof to the removing defendant." *Id.* at 701 (citation
4  omitted). Using the preponderance of the evidence standard, the court affirmed the district court's
5  use of the defendants' calculation of damages in denying the plaintiffs' motion to remand. *Id.* at
6  698-99, 701. *See also Yeroushalmi v. Blockbuster Inc.*, No. CV 05-255-AHM(RCX), 2005 WL
7  2083008, at *2 (C.D. Cal. July 11, 2005) ("It is clear that in the context of removal, even before
8  CAFA, plaintiff's allegation simply does not control or end the amount in controversy analysis[;] .
9  . . [rather,] the court must assess jurisdiction under CAFA to determine whether the amount in
10 controversy requirement of § 1332(d) has been met.").

11        14.    Here, Plaintiff seeks damages for, without limitation, unpaid wages, compensatory
12 and liquidated damages, penalties pursuant to applicable Labor Code Sections, unreimbursed sums,
13 prejudgment interest, and attorneys' fees and costs, but she does not assert a total amount in
14 controversy. *See generally* Complaint. In light of the Complaint's ambiguity regarding the amount
15 placed in controversy by the claims contained therein, the preponderance of the evidence standard
16 applies to Defendant's Notice of Removal. *See, e.g.*, *Guglielmino*, 506 F.3d at 701 (applying the
17 preponderance of the evidence standard where plaintiff's complaint alleged that "damages to each
18 Plaintiff are less than $75,000").

19        15.    The preponderance standard is not a "daunting" standard. *Muniz v. Pilot Travel*
20 *Centers LLC*, No. S-07-0325, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007). Defendants are
21 not obligated to "research, state, and prove the plaintiff's claims for damages." *Id.* (citation and
22 quotation omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the
23 parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). A
24 removing defendant must simply produce underlying facts or evidence demonstrating **more likely**
25 **than not** the amount in controversy exceeds the threshold amount. *See Sanchez v. Monumental*
26 *Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that
27 it is more likely than not that the amount in controversy exceeds [the threshold] amount.") (citation
28 and quotation omitted); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)

(noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

16. Here, considering the Complaint's allegations, types of damages sought, and similar cases, it is apparent from considering just three of the claims at issue that the amount in controversy easily exceeds $5 million for the reasons indicated below.

### i. Failure to Provide Lawful Meal Periods.

17. In her Third Cause of Action, Plaintiff alleges that Defendant failed to provide Plaintiff and Meal Period Sub-Class Members with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, and further failed to provide Plaintiff and the Meal Period Sub-Class Members with a second meal period when they worked shifts of ten or more hours. Plaintiff seeks one hour of premium pay for each day in which all required meal periods were not lawfully provided. Complaint, ¶¶ 52-54.

18. Labor Code Section 226.7 provides that where an employer "fails to provide an employee a meal period or rest period" in accordance with the law, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the full, uninterrupted, and timely meal period or rest period is not provided." Cal. Labor Code § 226.7(b). Plaintiff seeks to obtain this premium pay for both herself and putative class members. Complaint, ¶ 54.

19. According to Defendant's records, the at least 1,619 putative Class Members who worked for Conduent on a full-time basis,[4] together worked approximately 86,683 weeks between January 23, 2019, to present (the four-year Class Period) and were compensated at an average regular rate of $19.61 per hour. DeLorenz Decl., ¶ 7.

20. Assuming for purposes of removal only that Defendant Conduent failed to provide

---

[4] Defendant's records show that an additional 50 employees worked part-time for Defendant during the four-year Class Period. DeLorenz Decl., ¶ 8. In order to provide a conservative estimate of the amount in controversy, those part-time workers are not included in the calculations here, but their inclusion would lead to a higher amount in controversy. Similarly, Defendant does not include in its calculations Randstad employees, but their inclusion would lead to a higher amount in controversy.

the 1,619 putative class members lawful meal periods *once every other week* – a 10% violation rate[5] – and relying on the putative class members' average regular rate of pay, Plaintiff's first cause of action puts at least **$849,926.82 at issue:** $19.61 average regular rate *times* 43,341.5[6] weeks *equals* **$849,926.82**.

### ii. Failure to Authorize and Permit Rest Periods.

21.   In addition to penalties for late, short, and/or interrupted meal periods, Plaintiff alleges in her Fourth Cause of Action that she and the putative class members are entitled to penalties for rest breaks that were not provided to them.  Cal. Labor Code Section 226.7(b). Plaintiff contends that "Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday." Complaint, ¶ 57.

22.   In connection with the alleged failure to provide full, uninterrupted, and timely rest periods, Plaintiff seeks one additional hour of compensation at each employee's regular rate of pay for each workday that a required rest period was not provided.  *Id*., ¶ 58.

23.   Assuming conservatively, for the purposes of removal alone, only one (1) violation *every other* week of the 86,683 weeks worked by the at least 1,619 full-time putative class members, Plaintiff's second cause of action places **at least $849,926.82 at issue:** $19.61 average regular rate *times* 43,341.5[7] weeks *equals* **$849,926.82**. The amount in controversy for Plaintiff's meal period and rest break claims total **$1,699,853.64.**

### iii. Failure to Timely Pay Final Wages at Termination.

24.   In addition to penalties for failure to provide lawful meal periods and failure to

---

[5] The assumed 10% violation is extremely conservative, and Courts in the Ninth Circuit have frequently approved assumed violation rates of up to 60% reasonable for purposes of determining the amount in controversy.  *See, e.g., Olson v. Becton, Dickinson & Co.*, No. 19CV865-MMA (BGS), 2019 WL 4673329, at *4 (S.D. Cal. Sept. 25, 2019) (finding a 25% violation rate to be appropriate); *Elizarraz v. United Rentals, Inc.*, 218CV09533ODWJC, 2019 WL 1553664, at *3–4 (C.D. Cal. Apr. 9, 2019) (using a 50% violation rate for meal period claim and 30% violation rate for rest period claim); *Bryant v. NCR Corp.,* 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (using a 60% violation rate for meal period claim and 30% violation rate for rest period claim); *Alvarez v. Office Depot., Inc.,* No. cv 17-7220 PSG (AFMx), 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (using a 60% violation rate for meal period claim).

[6] 86,683 divided by 2.

[7] 86,683 divided by 2.

authorize and permit rest breaks, Plaintiff alleges in her Sixth Cause of Action that she and the putative class members are entitled to penalties for wages that were not timely paid to them at termination. Cal. Labor Code Sections 201 and 202. Plaintiff contends that "Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ." Complaint, ¶ 65.

25.  In connection with the alleged failure to timely pay final wages at termination, Plaintiff seeks a statutory penalty for accrued wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum. Id., at ¶ 68.

26.  Assuming conservatively, for purposes of removal alone, Plaintiff's sixth cause of action places **at least $5,031,141.60 at issue:** $19.61 average regular rate *times* 8 hours/day *times* 30 days t*imes* 1,069[8] employees *equals* **$5,031,141.60**. The amount in controversy for Plaintiff's meal period, rest break, and failure to timely pay wages claims total **$6,730.995.25.**

   **iv.   Summary**

27.  Even based on the most conservative of estimates, taking into account only three of Plaintiff's eight causes of action, excluding part-time employees and Randstad employees, and excluding attorneys' fees, and punitive damages, all of which can be substantial, there is no doubt or dispute that the amount in controversy—more than $6 million—easily meets the $5 million jurisdictional threshold for removal under 28 U.S.C. § 1332(d).

| Category of Damages | Amount in Controversy |
|---|---|
| Meal Period Penalties | **$ 849,926.82** |
| Rest Period Penalties | **$ 849,926.82** |
| Final Wages Penalties | **$5,031,141.60** |

---

[8] 1,169 full-time employees minus the 550 full-time employees still employed.

| | |
|---|---|
| **TOTAL** | **$6,730.995.25** |

For these reasons, and the diversity of Defendant and Plaintiff, removal is appropriate under 28 U.S.C. § 1332(d).

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

28. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) the amount in controversy exceeds $5 million dollars exclusive of interest and costs;

(b) the matter is a class action consisting of more than 100 individuals; and

(c) any member of the class of plaintiffs is a citizen of a state different from any defendant.

29. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.

30. In addition, the United States District Court for the Northern District of California is the federal judicial district embracing the Superior Court for the County of Alameda, where the suit was originally filed. 28 U.S.C. § 84(a). *See also* 28 U.S.C. § 1441(a).

31. True and correct copies of the state court pleadings are filed concurrently herewith as Exhibit A to the Hearne Declaration. This constitutes the complete record of all records and proceedings in the state court and are appended hereto as required by 28 U.S.C. § 1446(a).

32. Upon filing the Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Alameda County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, Defendant hereby removes this action from the Superior Court of California in and for the County of Alameda.

Dated: March 14, 2023

By: */s/ Heather D. Hearne*

**THE KULLMAN FIRM**
A Professional Law Corporation

Attorney for Defendant
CONDUENT STATE AND LOCAL SOLUTIONS, Inc.

## PROOF OF SERVICE

STATE OF LOUISIANA              )
                                )
PARISH OF EAST BATON ROUGE      )

On **March 14, 2023,** I caused the foregoing document(s) described as **Notice of Removal** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> **MOON & YANG, APC**
> Kane Moon (SBN 249834)
> H. Scott Leviant (SBN 200834)
> Mariam Ghazaryan (SBN 329351)
> 1055 W. Seventh St., Suite 1880
> Los Angeles, California 90017
> Tel.: (213) 232-3128
> Fax: (213) 232-3125
> kane.moon@moonyanglaw.com
> scott.leviant@moonyanglaw.com
> mariam.ghazaryan@moonyanglaw.com

*Attorneys for Plaintiff*

__X__   **VIA OVERNIGHT DELIVERY – FEDERAL EXPRESS**

I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx, with delivery fees paid or provided for, and addressed to the person(s) being serviced.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed on **March 14, 2023**, at New Orleans, LA.

/s/ Linda Markey
Linda Markey